**CASE NO. 22-60440**

———————

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

NEXSTAR MEDIA, INCORPORATED, DOING BUSINESS AS KOIN-TV.

*Petitioner*,

v.

NATIONAL LABOR RELATIONS BOARD,

*Respondent*.

———————

COMMUNICATIONS WORKERS OF AMERICA, NABET, LOCAL 51,
AFFILIATED WITH COMMUNICATIONS WORKERS OF AMERICA,
AFL-CIO, CLC

*Intervenor and Petitioner*

———————

**MOTION FOR TRANSFER PURSUANT TO 28 U.S.C SECTION 2112(A)(5)**

———————

David A. Rosenfeld, Bar No. 058163
Weinberg, Roger & Rosenfeld
A Professional Corporation
1375 55th Street
Emeryville, California 94608
Telephone (510) 337-1001
Fax (510) 337-1023

Attorneys for Intervenor and Petitioner
COMMUNICATIONS WORKERS OF AMERICA, NABET, LOCAL 51
AFFILIATED WITH COMMUNICATIONS WORKERS OF AMERICA,
AFL-CIO, CLC

Intervenor and Petitioner Communications Workers of America, NABET, Local 51, affiliated with Communications Workers of America, AFL-CIO, CLC ("CWA Local No. 51") hereby moves this Court for transfer of this matter to the Ninth Circuit.

Counsel for the National Labor Relations Board ("NLRB") has advised that the National Labor Relations Board will take no position on this motion until it reviews the motion. Counsel for the Petitioner and Cross-Respondent Nexstar Media Inc. opposes the transfer. This transfer is based on a simple proposition that there is already an appeal pending in the Ninth Circuit involving the same matters.

PROPOSITION AND PROCEDURAL CIRCUMSTANCE

The Union filed a Petition for Review in the Ninth Circuit. The Employer filed its own Petition for Review in this Circuit. Pursuant to the provision of 28 U.S.C. § 2112(a)(1), the Petitions for Review were referred to the Judicial Panel on Multi-District Litigation, which issued an Order consolidating the cases in this Court. There are now pending in this Court in this one proceeding: The Petition for Review filed by Nexstar, a Cross-Petition for Enforcement filed by the NLRB and a Petition for Review filed by CWA Local No. 51. CWA Local No. 51 is an Intervenor in the Petition for Review filed by Nexstar.

The same statute which brought the cases to this Court also provides for transfer. 28 U.S.C. § 2112(a)(5) provides that after transfer is completed to the designated court and the record filed, this Court has the power to transfer these proceedings back to the Ninth Circuit or another court:

> For the convenience of the parties in the interest of justice, the court in which the record is filed may thereafter transfer all of the proceedings with respect to that order to any other court of appeals.

28 U.S.C. § 2112(a)(5).

The NLRB filed the record on September 23, 2022, so this motion is ripe.

Here, the compelling reason to transfer to the Ninth Circuit is that there was a pending appeal by the Employer from the issuance of an interim injunction pursuant to 29 U.S.C. § 160(j). That injunction arises out of the same facts and circumstances from which the Petition for Review is filed by the Employer in this case and from which the Union has filed its own Petition for Review. In the injunction case, the District Court issued an Order that Nexstar bargain with the Union, and that bargaining has continued after the injunction was issued. Nexstar has now reused to bargain further. Nexstar filed an appeal and that appeal, as we have noted, is now pending in the Ninth Circuit. *See Hooks v. Nexstar Broad., Inc.*, No. 21-35252 (9th Cir. argued Oct. 6, 2021). That appeal was fully briefed and orally argued on October 6, 2021. No Decision has issued. We do note, however, that the NLRB has moved to dismiss the appeal, and the employer Nexstar has opposed the motion. *See id.*, ECF Docs. 47-51. No Order has issued.

 Because an appeal is already pending, has been fully briefed and argued in the Ninth Circuit from the same facts and circumstances and proceedings, it would be appropriate to transfer this case to the Ninth Circuit, so that the matters can be heard together to avoid inconsistent results and increase judicial economy. *See Am. Tel. & Tel. Co. v. FCC*, 519 F.2d 322 (2d Cir. 1975). If the proceedings in the Ninth Circuit were finally concluded, transfer would not be appropriate. *Am. Civil Liberties Union v. FCC*, 486 F.2d 411 (D.C. Cir. 1973). Because the proceedings have not been concluded, transfer is appropriate.

In respect to this Motion, it should be noted the events which concern this matter all arose in Portland, Oregon, which is situated in the Ninth Circuit. The Section 10(j) injunction was issued by the District Court in Portland. Order Granting Preliminary Injunctive Relief, *Hooks v. Nexstar Broad., Inc.*, No. 3:21-cv-00177-MO (D. Or. Mar. 29, 2021). These circumstances certainly support transfer to the Ninth Circuit, which is the appropriate court to hear this matter

arising within its jurisdiction.

Because of these circumstances, this Motion to Transfer should be granted and this matter transferred to the Ninth Circuit, which is already considering the same matter.

Dated:  September 28, 2022

Respectfully Submitted,

By: */s/ David A. Rosenfeld*

David A. Rosenfeld
WEINBERG, ROGER & ROSENFELD
A Professional Corporation

Attorneys for Proposed Intervenor
COMMUNICATIONS WORKERS OF
AMERICA, NABET, LOCAL 51,
AFFILIATED WITH
COMMUNICATIONS WORKERS OF
AMERICA, AFL-CIO, CLC

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,140 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and 5th Cir. Rule 32.1, and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document was prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

Dated: September 28, 2022     _/s/ David A. Rosenfeld_
Attorneys for Proposed Intervenors
Communications Workers of America,
NABET, Local 51, Affiliated with
Communications Workers of America,
AFL-CIO

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and an employee in the County of Alameda, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1375 55th Street, Emeryville, California 94608.

I hereby certify that on October 3, 2022, I electronically filed and served the forgoing **MOTION FOR TRANSFER PURSUANT TO 28 U.S.C. SECTION 2112(A)(5) ON BEHALF OF COMMUNICATIONS WORKERS OF AMERICA, NABET, LOCAL 51 AFFILIATED WITH COMMUNICTIONS WORKERS OF AMERICA, AFL, CIO, CLC** with the United States Court of Appeals For the Fifth Circuit, by using the Court's CM/ECF system.

| | |
|---|---|
| David S. Habenstreit<br>Assistant General Counsel<br>National Labor Relations Board<br>Email: appellatecourt@nlrb.gov | Ruth E. Burdick<br>Deputy Assistant General Counsel<br>National Labor Relations Board<br>appellatecourt@nlrb.gov |
| Barbara Sheehy<br>National Labor Relations Board<br>Barbara.sheehy@nlrb.gov | Usha Dheenan<br>National Labor Relations Board<br>Usha.dheenan@nlrb.gov |
| John Hunter Johnson<br>Constangy, Brooks, Smith & Prophete, LLC<br>hjohnson@constangy.com | |

I certify under penalty of perjury that the above is true and correct. Executed at Emeryville, California, on October 3, 2022

*/s/ Doreen Parker*_____

And served by **U.S. MAIL** I am personally and readily familiar with the business practice of Weinberg, Roger & Rosenfeld for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Emeryville, California.

Timothy L. Watson
Regional Director, Region 16
National Labor Relations Board
819 Taylor Street, Room 8A24
Fort Worth, TX 76102-6178

I certify under penalty of perjury that the above is true and correct.

Executed at Emeryville, California, on October 3, 2022.

*/s/ Doreen Parker*

154373\1305720