# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| NEXSTAR MEDIA INC. | ) | |
| D/B/A/ KOIN-TV | ) | |
| | ) | No. 22-60440 |
| Petitioner | ) | |
| | ) | |
| v. | ) | |
| | ) | Board Case Nos. |
| NATIONAL LABOR RELATIONS | ) | |
| BOARD | ) | 19–CA–248735, 19–CA-255180, |
| | ) | 19–CA–259398 & 19–CA–262203 |
| Respondent | ) | |

## NEXSTAR MEDIA INC.'S RESPONSE IN OPPOSITION TO UNION'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. SECTION 2212(A)(5)

NOW COMES Nexstar Media Inc. f/k/a Nexstar Broadcasting, Inc. (Nexstar), and files this response in opposition to the Union's motion to transfer this case to the United States Court of appeals for the Ninth Circuit. The motion is patently without merit and should be denied.

## BACKGROUND

The proceedings in this Court were initiated by Nexstar, which is headquartered in Texas, filing a petition for review of a final order of the National Labor Relations Board (Board). Under 29 U.S.C. §160(j), this Court had jurisdiction and venue was proper. CBA, NABET, Local 51 filed a petition for review of the same Board order in the United States Court of Appeals for the Ninth Circuit. The

Judicial Panel on Multidistrict Litigation thereafter consolidated these petitions in this Court. The Board has filed the record in this Court, and the Court has issued a briefing schedule.

In seeking a transfer to the Ninth Circuit, the Union relies upon 28 U.S.C. 2112 (a)(5), which permits "the court in which the record is filed [to] transfer all of the proceedings with respect to that order to any other court of appeals," but only "[f]or the convenience of the parties in the interest of justice." The sole argument advanced by the Union to support transfer to the Ninth Circuit "is that there was an appeal by the Employer from the issuance of an interim injunction pursuant to 29 U.S. 160(j)" and that this "injunction arises out of the same facts and circumstances from which the Petition for Review is filed by the Employer in this case and from which the Union filed its own Petition for Review." (Union Motion at 2). The Ninth Circuit has yet to issue a decision on the appeal, and is currently considering a suggestion of mootness by the National Labor Relations Board given the final Board Decision that is the subject of review in this Court. The Union argues that if the Ninth Circuit had already decided the case or dismissed its as moot, transfer would not be appropriate. However, because the Ninth Circuit has yet to rule, transfer is asserted to be appropriate. (Union Motion at 2-3).

The overriding problem with the Union's argument is that it misperceives the distinction between an appeal from an interim injunction issued by a federal district court under Section 10(j) from a petition to review an actual final decision of the Board. In an injunction proceeding, neither the district court nor the court of appeals makes any determination regarding the merits of what are only complaint allegations by the Board's General Counsel. Instead, it applies the normal four-part equitable test. "Thus, when a Regional Director seeks § 10(j) relief, he 'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Frankl v. HTH Corp.,* 650 F.3d 1334, 1355 (9th Cir. 2011) (quoting *Winter v. Nat. Res. Def. Council,* 555 U.S. 7, 129 S.Ct. 365, 374 (2008)). The inquiry into the likelihood-of-success factor is abbreviated and tilted in the Board's favor. Thus, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the [Regional Director] can support issuance of a preliminary injunction, so long as the [Regional Director] also shows that there is a likelihood of irreparable harm and that the injunction is in the public interest." *Id.* (quoting *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir.2011)).

As the Ninth Circuit itself has recognized, the issues presented in a section 10(j) case are wholly distinct from those presented when a court of appeals reviews a final Board decision. In a 10(j) proceeding, "the district court lacked jurisdiction to rule on the merits of the unfair labor practice charges, much less to determine appropriate final relief pending a hearing on the merits before the ALJ." *New Breed Leasing Corp. v. NLRB,* 111 F.3d 1460, 1467 (9th Cir. 1997). In *New Breed,* where the court was reviewing a final Board decision, the Ninth Circuit observed that its earlier "decision in the section 10(j) appeal was limited to reviewing the district court's determination of appropriate *temporary* relief, and we deferred determination of the appropriate final remedy to the NLRB's usual adjudicatory procedures." *Id.* In contrast, "review of the Board's section 10(c) determination of *final* remedies presents an entirely different legal question than that presented in our earlier review of the district court's section 10(j) grant of *temporary* relief." *Id.* And the court further emphasized: "Because we have not previously considered or decided the legal issues now before us, the law of the case doctrine is inapplicable to our review of the Board's final remedies." *Id.*

These principles are equally applicable here. In fact, in its appeal of the district court's interim injunction, Nexstar expressly did not challenge the court's finding regarding likelihood of success. The sole issue presented on appeal was a narrow

8638159v1

legal question as to whether the district court erred by applying a mandatory presumption of irreparable harm once it concluded that the Board had established a likelihood of success on the merits. Thus, the Ninth Circuit has had no occasion to even make the very limited inquiry into likelihood of success as that question was pretermitted by Nexstar's appeal.

Importantly, the Union is not a bona fide "aggrieved party," as it prevailed on substantially all issues raised by the pleadings. "In reviewing orders of the NLRB, the courts of appeals have placed special emphasis on the choice of forum of the truly aggrieved party." *Liquor Salesmen's Union Local 2 v. NLRB,* 664 F.2d 1200, 1204 (D.C. Cir. 1981). "No such respect is due a person who has substantially prevailed before the Board." *Id.* at 1205.  Here, Nexstar is the only truly aggrieved party.

The two decisions cited by the Union are almost fifty years old and bear no resemblance to the facts presented here.  They are so inapposite that any discussion of their facts would serve no meaningful purpose.  Indeed, both decisions predate the enactment of the Multicircuit Petition Act in 1988 and have little, if any, current significance.  In any event, regardless of whether the Ninth Circuit issues a decision on the merits of the injunction case or dismisses it as moot, the Ninth Circuit has acquired no special insights that would warrant transfer in order to serve the

8638159v1

"interests of justice." And transfer would only serve the convenience of the Union's California counsel. It would not serve the interests of either the Board's Washington, D.C. appellate counsel or Nexstar's Texas appellate counsel.

Finally, this Court has already issued a briefing schedule and has the entire record before it. A transfer to the Ninth Circuit would merely serve to slow the process and delay the issuance of a final decision. That, of course, is a result that cannot be said to serve the interests of justice.

WHEREFORE Nexstar respectfully requests that the motion to transfer proceedings to the Ninth Circuit be denied.

Dated this 12th day of October 2022.

Respectfully submitted,

*s/ Hunter Johnson*
Hunter Johnson
Texas Bar No. 10753900
hjohnson@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
1201 Elm Street, Suite 2550
Dallas, Texas 75270
Tel: 214.646.3421
Fax: 972.865.4791

Attorneys for Petitioner
NEXSTAR MEDIA INC., d/b/a KOIN-TV

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,255 words.

2. This document complies with the typeface requirements of the Federal rule of Appellate Procedure 32(a)(5) and 5th Cir. Rule 32.1, and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: October 12, 2022.

*s/ Hunter Johnson*
Hunter Johnson

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 12, 2022, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify further that the foregoing document was served on all parties or their counsel of record through the appellate CM/ECF system.

David A. Rosenfeld
Direct: 510-337-1001
Email: drosenfeld@unioncounsel.net
Fax: 510-337-1023
[NTC Retained]
Weinberg, Roger & Rosenfeld
Suite 200
1375 55th Street
Emeryville, CA 94608

Ruth E. Burdick, Deputy Assistant General Counsel
Direct: 202-273-2960
Email: appellatecourt@nlrb.gov
[NTC Government]
National Labor Relations Board
1015 Half Street, S.E.
Washington, DC 20003

Usha Dheenan
Direct: 202-273-2948
Email: usha.dheenan@nlrb.gov
Fax: 202-273-0191
[COR NTC Government]
National Labor Relations Board
Appellate & Supreme Court Litigation Branch
1015 Half Street, S.E.
Washington, DC 20570

David S. Habenstreit
Direct: 202-273-2960
Email: appellatecourt@nlrb.gov
[NTC For Information Only]
National Labor Relations Board
Appellate & Supreme Court Litigation Branch
1015 Half Street, S.E.
Washington, DC 20570

Barbara Ann Sheehy, Attorney
Direct: 202-273-0094
Email: barbara.sheehy@nlrb.gov
Fax: 202-273-0191
[COR NTC Government]
National Labor Relations Board

Appellate & Supreme Court Litigation Branch
1015 Half Street, S.E.
Washington, DC 20570

Timothy L. Watson
Direct: 817-978-2921
Email: Timothy. Watson@nlrb.gov
Fax: 817-978-2928
[NTC For Information Only]
National Labor Relations Board
Region 16
Room 8A24
819 Taylor Street
Fort Worth, TX 76102-6178

*s/ Hunter Johnson*
Hunter Johnson