# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| NEXSTAR BROADCASTING, INC. D/B/A/ KOIN-TV | ) | |
| | ) | |
| Petitioner/Cross-Respondent | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 22-60440 |
| NATIONAL LABOR RELATIONS BOARD | ) | |
| | ) | Board Case Nos. |
| Respondent/Cross-Petitioner | ) | 19-CA-248735, 19-CA-255180 |
| | ) | 19-CA-259398, 19-CA-262203 |
| and | ) | |
| | ) | |
| COMMUNICATIONS WORKERS OF AMERICA, NABET, LOCAL 51, AFFILIATED WITH COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, CLC | ) ) ) ) | |
| | ) | |
| Intervenor | ) | |
| | ) | |
| COMMUNICATIONS WORKERS OF AMERICA, NABET, LOCAL 51, AFFILIATED WITH COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, CLC | ) ) ) ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL LABOR RELATIONS BOARD | ) | |
| | ) | |
| Respondent | ) | |

**RESPONSE IN SUPPORT OF THE UNION'S MOTION TO TRANSFER**

To the Honorable, the Judges of the United States
 Court of Appeals for the Fifth Circuit:

The National Labor Relations Board ("the Board"), by its Deputy Associate General Counsel, hereby files this response in support of the motion to transfer this case to the United States Court of Appeals for the Ninth Circuit filed by the National Association of Broadcast Employees & Technicians, the Broadcasting and Cable Television Workers Sector of The Communications Workers of America, Local 51, AFL-CIO ("the Union"). In support of the motion, the Board offers the following:

1.	On July 27, 2022, the Board issued an order against Nexstar Broadcasting, Inc. d/b/a KOIN-TV ("the Company"), finding that it had committed a series of violations of Section 8(a)(1) and (5) of the National Labor Relations Act ("the Act"), 29 U.S.C. §§ 151, 158(a)(1), (5). *Nexstar Broad., Inc.*, 371 NLRB No. 118.

2.	On August 5, the Union, the charging party before the Board, petitioned the Ninth Circuit for review of the Board's Order, which did not grant all of the remedies the Union had requested. *Nat'l Ass'n of Broad. Emps. & Technicians-the Broad. & Cable Television Workers Section of the Commcn's Workers of Am., AFL-CIO, Local 51 v. NLRB*, (9th Cir. No. 22-70171). On the same day, the Company petitioned the Court for review of the same Board Order.

3. On August 19, the United States Judicial Panel on Multidistrict Litigation consolidated the two petitions and designated this Court to consider them. Accordingly, the Board filed its cross-application for enforcement and the administrative record in this Court.

4. On October 3, the Union filed a motion under 28 U.S.C § 2112(a)(5) to transfer the case to the Ninth Circuit, which vests a court with discretion to transfer a case "for the convenience of the parties in the interest of justice." The Union maintains transfer is appropriate based on judicial economy, relying on the Company's pending appeal from the issuance of an interim injunction in the Ninth Circuit.

5. The Board supports the motion to transfer the case to the natural circuit, the Ninth Circuit. In determining when transfer is "for the convenience of the parties in the interest of justice," courts consider, among other factors: the location of counsel and the parties, whether the impact of the litigation is local to one region, and whether one circuit is more familiar with the same parties and issues or related issues. *See, e.g.*, *Liquor Salesmen's Union v. NLRB*, 664 F.2d 1200, 1205 & n.5 (D.C. Cir. 1981) (listing factors and citing cases). Here, the unfair labor practices occurred at the Company's television station located in Portland, Oregon. All of the affected employees work in Portland, Oregon. The case does not involve any of the Company's other 200 broadcast stations. Nor

does the case implicate a company-wide policy or other broad-reaching concern. Accordingly, the Board maintains that venue considerations support transfer in this matter.

6. The Board also observes that the Ninth Circuit recently decided another bargaining-violations case relied on by the Board in the instant case, 371 NLRB No. 118, slip op. at 7, 9, 28, 32. That prior case involved the same parties (the Company, the Union, and the Board), same employees, same television station in Portland, Oregon, and similar company conduct of making changes to employment terms without bargaining with the Union. *See NLRB v. Nexstar Broad., Inc.*, 4 F.4th 801 (9th Cir. 2021). *Cf. Buckeye Partners v. FERC*, No. 22-60100, 2022 U.S. App. LEXIS 13006, at *4 (5th Cir. May 13, 2022) (unpublished) ("In evaluating whether transfer is warranted, one factor that has considerable weight . . . is the desirability of transfer to a circuit whose judges are familiar with the background of the controversy through review of the same or related proceedings.'" (quotation marks and citation omitted)).

WHEREFORE, the Board respectfully supports the Union's request to transfer the above-captioned review proceeding to the Ninth Circuit.

Respectfully submitted,

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC 20570
(202) 273-2960

Dated at Washington, DC
this 13th day of October 2022

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

| | | |
|---|---|---|
| NEXSTAR BROADCASTING, INC. D/B/A/ KOIN-TV | ) ) ) | |
| Petitioner/Cross-Respondent | ) ) | |
| v. | ) ) | |
| NATIONAL LABOR RELATIONS BOARD | ) ) | No. 22-60440 |
| Respondent/Cross-Petitioner | ) ) ) | Board Case Nos. 19-CA-248735, 19-CA-255180 19-CA-259398, 19-CA-262203 |
| and | ) ) | |
| COMMUNICATIONS WORKERS OF AMERICA, NABET, LOCAL 51, AFFILIATED WITH COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, CLC | ) ) ) ) ) | |
| Intervenor | ) ) | |
| COMMUNICATIONS WORKERS OF AMERICA, NABET, LOCAL 51, AFFILIATED WITH COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, CLC | ) ) ) ) ) | |
| Petitioner | ) ) | |
| v. | ) ) | |
| NATIONAL LABOR RELATIONS BOARD | ) ) | |
| Respondent | ) ) | |

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the Board

certifies that its filing contains 696 words of proportionally spaced, 14-point type,

and the word processing system used was Microsoft Office 365.

Respectfully submitted,

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street SE
Washington, DC  20570
(202) 273-2960

Dated at Washington, DC
this 13th day of October, 2022

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| NEXSTAR BROADCASTING, INC. D/B/A/ KOIN-TV       ) <br><br>) <br>Petitioner/Cross-Respondent  ) <br>) <br>v.  ) <br>) <br>NATIONAL LABOR RELATIONS BOARD  ) <br>) <br>Respondent/Cross-Petitioner  ) <br>) <br>and  ) <br>) <br>COMMUNICATIONS WORKERS OF AMERICA, NABET, LOCAL 51, AFFILIATED WITH COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, CLC  ) <br>) <br>Intervenor  ) | No. 22-60440 <br><br>Board Case Nos. <br>19-CA-248735, 19-CA-255180 <br>19-CA-259398, 19-CA-262203 |
| COMMUNICATIONS WORKERS OF AMERICA, NABET, LOCAL 51, AFFILIATED WITH COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, CLC  ) <br>) <br>Petitioner  ) <br>) <br>v.  ) <br>) <br>NATIONAL LABOR RELATIONS BOARD  ) <br>) <br>Respondent  ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. I further certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Respectfully submitted,

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street SE
Washington, DC  20570
(202) 273-2960

Dated at Washington, DC
this 13th day of October, 2022