# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| NEXSTAR MEDIA INC. D/B/A/ KOIN-TV | ) ) ) | No. 22-60440 |
| Petitioner | ) ) ) | |
| v. | ) ) | |
| NATIONAL LABOR RELATIONS BOARD | ) ) ) | Board Case Nos. 19–CA–248735, 19–CA-255180, 19–CA–259398 & 19–CA–262203 |
| Respondent | ) ) | |

## NEXSTAR MEDIA INC.'S REPLY TO NATIONAL LABOR RELATIONS BOARD'S RESPONSE SUPPORTING UNION'S MOTION TO TRANSFER CASE TO NINTH CIRCUIT COURT OF APPEALS

NOW COMES Nexstar Media Inc. f/k/a Nexstar Broadcasting, Inc., hereafter "Nexstar," and files this Reply to National Labor Relations Board's Response in Support of the Union's Motion to Transfer. The Board's decision to support the Union's motion to transfer this appeal to the Ninth Circuit is troubling and appears to be nothing more than a naked attempt to engage in forum shopping. The motion should be denied.

*First, when the Board initially received the Union's petition for review in the Ninth Circuit, it knew based on its own records that the Union clearly lacked standing to file its petition for review and that the petition was illegitimate and likely intended to manipulate the system for reviewing administrative orders.*

Section 10(f) of the Act, 29 U.S.C. § 160(f), provides that "[a]ny person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order. . . ." Section 10(e) of the Act, 29 U.S.C. § 160(e) states: "No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." And the Board's own rules and regulations provide that "Matters not included in exceptions or cross-exceptions may not thereafter be urged before the Board, or in any further proceeding." 29 C.F.R. § 102.46(f).

In combination, these provisions establish unequivocally that the Union's petition for review was, from the beginning, not a bona fide petition for review, but was filed solely in an attempt to engage in forum shopping. Although the Union participated in the hearing before the Administrative Law Judge (ALJ), filed a brief with the ALJ, and failed to prevail on a few minor arguments/issues before the ALJ, it failed to file any Exceptions with the Board, any brief at all, or any request for reconsideration. As a result, the Union wholly waived any right to challenge any parts of the ALJ Decision that were arguably adverse to the Union's position. This is particularly true given that the Board's General Counsel also did not file any Exceptions with the Board. Thus, the only rulings, findings, and conclusions by the

ALJ that were presented to the Board were those raised by Nexstar. And the only party "aggrieved" by the Board's final Decision was Nexstar.

The Board's suggestion in its Response that the Board "did not grant all of the remedies the Union had requested" (Response at p. 2) is simply disingenuous. As the Board well knew (and knows), the Union failed to preserve any of these requests by not making them directly to the Board. The Union clearly lacked standing to file its petition for review, *e.g., SEIU United Health Workers v. NLRB,* 2015 WL 5559646 (9th Cir. 2015); *NLRB v. General Electric Co.,* 358 F.2d 292 (2d Cir. 1966); and there are no conceivable issues that the Union is capable of asserting to, or having reviewed by, the Court. *Woelke & Romero Framing, Inc. v. NLRB,* 456 U.S. 645, 665-666 (1982) ("Court of Appeals lacks jurisdiction to review objections that were not urged before the Board"); *May Department Stores, Co. v. NLRB,* 326 U.S. 376, 386 n. 5 (1945). [1]

*Second, because the Union lacked standing to file its petition for review, the sole bona fide petition that was submitted to the Board was the petition that Nexstar filed in this Court. Nexstar's choice of circuit is entitled to respect.*

---

[1] Nexstar has also filed a motion to dismiss the Union's petition for review for lack of standing. Despite knowing that the Union lacks standing to file its own petition for review, the Board refused, prior to the filing of the motion, to state a position on the motion.

"As a general rule, in the absence of unusual circumstances compelling transfer, courts have not exercised their inherent power to transfer to disturb a party's choice of forum." *Tenneco Oil Co. v. E.P.A.,* 592 F.2d 897, 900 (5th Cir. 1979). Nexstar is indisputably an "aggrieved" party and under Section 10(f), Nexstar was entitled to file its petition in any circuit "wherein such person resides or transacts business." As Nexstar is headquartered in Texas and does business throughout this Circuit, it properly filed its petition with this Court. But for the Union's bogus petition in the Ninth Circuit, Nexstar's choice would have been controlling and the Board would never have had occasion to refer the matter to the Judicial Panel on Multi-District Litigation. Indeed, the statutory provision upon which the Union and the Board rely to request transfer, 28 U.S.C. § 2112(a)(5), applies *only* when "proceedings are instituted in two or more courts of appeals with respect to the same order." 28 U.S.C. § 2112(a). Presumably, where one of the petitions is filed by a non-aggrieved party who clearly lacks standing, that petition is not entitled to any respect or consideration.

This is not a situation in which a party to an administrative proceeding has some plausible, albeit erroneous, claim of standing to file a petition for review. In fact, in its petition for review, the Union did not even assert that it was an "aggrieved" party. And as set forth above, it presented no issues or arguments to the Board challenging any aspect of the ALJ's Decision. The Union knew that it lacked

standing, but it proceeded to file a bogus petition for review solely for the purpose of invoking the provisions of 28 U.S.C. § 2112. This is not the first time that the Union's counsel has filed a petition for review in the Ninth Circuit despite any plausible claim of standing. *SEIU United Health Workers v. NLRB,* 2015 WL 5559646 (9th Cir. 2015) (dismissing Union petition for lack of standing). Given these circumstances, granting the Union's motion despite its lack of clean hands would encourage future litigants to engage in shameless manipulation of a system that was intended to provide a fair and equitable procedure for reviewing final administrative orders. The Board's decision to support the Union's motion effectively condones the Union's abusive litigation tactics.

*Third, the Board's proffered justifications for transferring all proceedings to the Ninth Circuit are flimsy at best. They certainly do not constitute unusual and compelling reasons to upset Nexstar's bona fide choice of circuit.*

The Ninth Circuit decision cited by the Board (*NLRB v. Nexstar Broadcasting, Inc.,* 4 F.4th 801 (9th Cir. 2021)) involved two isolated unilateral changes made by Nexstar in 2017 after the extant collective bargaining agreement expired. The issues presented in that case were wholly disconnected from the extended contract negotiations that are at the heart of this case. The judges of the Ninth Circuit acquired no meaningful knowledge in that case that would carry over to the issues that will be presented in this appeal.

In contrast, in the Fifth Circuit's decision in *Buckeye Partners v. FERC,* 2022 WL 1528311 (5th Cir. 2022) (unpublished) cited by the Board, where the court granted transfer, the order "at issue here is part of FERC's index-review scheme that was originally promulgated in Order No. 561 and that has been reviewed exclusively by the D.C. Circuit for the last twenty-six years." *Id.* At *2. "What's more, all of FERC's orders regarding the oil pipeline pricing index (including the Rehearing Order at issue here) are interrelated—they are all derivatives of FERC's Original Order No. 561." *Id. Buckeye* is one of those rare cases in which transfer is warranted. No similar circumstances are presented here. In essence, the Union and the Board simply prefer the Ninth Circuit.

## CONCLUSION

WHEREFORE, Nexstar respectfully requests that the motion to transfer be denied and for such other relief, legal or equitable, to which it is justly entitled.

Dated this 20th day of October 2022.

<div style="margin-left: 45%;">

Respectfully submitted,

*s/ Hunter Johnson*
Hunter Johnson
Texas Bar No. 10753900
hjohnson@constangy.com
**CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP**
1201 Elm Street, Suite 2550
Dallas, Texas 75270
Tel:  214.646.3421
Fax: 972.865.4791

Attorneys for Petitioner
NEXSTAR MEDIA INC.

</div>

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1365 words.

2.  This document complies with the typeface requirements of the Federal rule of Appellate Procedure 32(a)(5) and 5th Cir. Rule 32.1, and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: October 20, 2022.

<div align="right">

*s/ Hunter Johnson*
Hunter Johnson
</div>

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 20, 2022, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify further that the foregoing document was served on all parties or their counsel of record through the appellate CM/ECF system.

David A. Rosenfeld
Direct: 510-337-1001
Email: drosenfeld@unioncounsel.net
Fax: 510-337-1023
[NTC Retained]
Weinberg, Roger & Rosenfeld
Suite 200
1375 55th Street
Emeryville, CA 94608

Ruth E. Burdick, Deputy Assistant General Counsel
Direct: 202-273-2960
Email: appellatecourt@nlrb.gov
[NTC Government]
National Labor Relations Board
1015 Half Street, S.E.
Washington, DC 20003

Usha Dheenan
Direct: 202-273-2948
Email: usha.dheenan@nlrb.gov
Fax: 202-273-0191
[COR NTC Government]
National Labor Relations Board
Appellate & Supreme Court Litigation Branch
1015 Half Street, S.E.
Washington, DC 20570

David S. Habenstreit
Direct: 202-273-2960
Email: appellatecourt@nlrb.gov
[NTC For Information Only]
National Labor Relations Board
Appellate & Supreme Court Litigation Branch
1015 Half Street, S.E.
Washington, DC 20570

Barbara Ann Sheehy, Attorney
Direct: 202-273-0094
Email: barbara.sheehy@nlrb.gov
Fax: 202-273-0191
[COR NTC Government]
National Labor Relations Board
Appellate & Supreme Court Litigation Branch
1015 Half Street, S.E.
Washington, DC 20570

Timothy L. Watson
Direct: 817-978-2921
Email: Timothy. Watson@nlrb.gov
Fax: 817-978-2928
[NTC For Information Only]
National Labor Relations Board
Region 16
Room 8A24
819 Taylor Street
Fort Worth, TX 76102-6178

*s/ Hunter Johnson*
Hunter Johnson